UNITED STATES of America, Plaintiff,

v.

Kathleen SMITH, Defendant.

Crim. No. 84–1366.

United States District Court,
D. Hawaii.

Aug. 8, 1984.

**1404**

R. Michael Burke, Eric Wilson, Asst. U.S. Attys., Daniel A. Bent, U.S. Atty., Honolulu, Hawaii, for plaintiff.

Michael R. Levine, Federal Public Defender, Honolulu, Hawaii, for defendant.

## ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

SAMUEL P. KING, Chief Judge.

On April 18, 1984, the defendant was arrested and on May 10, 1984, an indictment was filed charging the defendant with a violation of one count of 18 U.S.C. § 1542. The indictment alleged that while in Australia the defendant, a United States citizen, made a false statement on an application for a United States passport. The defendant pled guilty to and was sentenced for this offense in Australia.

On May 16, 1984, the defendant was arraigned and pled not guilty. Trial was set for July 10, 1984. On June 26, 1984, the defendant filed a motion to dismiss the indictment. The motion was denied on June 28, 1984.

On July 2, 1984, the magistrate, on his own motion, continued the trial in this case from July 10, 1984 to August 6, 1984. The reason the magistrate gave for the continuance was that no district judge was available to preside on July 10, 1984. The government and the defendant agree that the magistrate's continuance of the trial was due, therefore, to general court congestion.

■ When a defendant is arrested prior to indictment, the Speedy Trial Act requires that the trial take place within 70 days of the filing of the indictment. 18 U.S.C. § 3161(c)(1); *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir.1983). The Speedy Trial Act excludes certain time from calculation of the 70 days, including the time between defense motions and hearings on such motions. 18 U.S.C. § 3161(h)(1)(F). Accordingly, the magistrate properly excluded the three days during which the defendant's motion to dismiss was pending last June. The day of indictment itself was likewise properly excluded. *Haiges*, 688 F.2d at 1274. Thus, a total of four days may be excluded from the Speedy Trial Act's requirement that the trial be conducted within 70 days of the defendant's indictment on May 10, 1984.

■ When this case was called for trial on August 7, 1984, 87 days since the defendant's indictment had passed. The Speedy Trial Act's 70-day limit has therefore been exceeded by 17 days. The magistrate justified the delay on the ground of the court's general congestion. General congestion of the court's calendar cannot, however, provide a basis for delay beyond the Speedy Trial Act's limits. 18 U.S.C. § 3161(h)(8)(C). The indictment must therefore be dismissed on the defendant's motion. 18 U.S.C. § 3162(a)(2); *United States v. Perez-Reveles*, 715 F.2d 1348, 1353 (9th Cir.1983).

The focus of the present dispute between the government and the defendant is whether the indictment should be dismissed with or without prejudice.

> Whether dismissal shall be with or without prejudice is left to the discretion of the judge, who "shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

*Perez-Reveles*, 715 F.2d at 1353.

These factors lead this court to conclude that the indictment should be dismissed with prejudice. First, while the offense is a serious one, as are all frauds on the government, the offense is not one of the more heinous this court has come across. The United States Parole Commission rates the crime as a two, on a scale of one (least severe) to eight (most severe). 28 C.F.R. § 2.20 (1983). Second, in the circumstances of this case, the government bears considerable responsibility for the magistrate's error in continuing the case on the impermissible ground of general court congestion. The transcripts of the proceedings before the magistrate show that the government "provided no help to the ... [magistrate] in preventing this violation of the [Speedy Trial] Act." *Perez-Reveles*, 715 F.2d at 1353. *See, e.g.,* Transcript of Proceedings at 3, lines 6–18 (D.Hawaii July 3, 1984). If in fact no judge was available and violation of the 70-day requirement was inevitable, the government should have moved to suspend the requirement under 18 U.S.C. § 3174(e). The government did not fulfill its shared responsibility for speedy trial enforcement. *Perez-Reveles*, 715 F.2d at 1353. Finally, the defendant has already been prosecuted and sentenced for this crime in Australia. Dismissal with prejudice will not significantly impede the administration of justice. If the indictment were dismissed without prejudice, however, the government's failure to administer the Speedy Trial Act will go without effective reprimand.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss the indictment with prejudice is GRANTED.