**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John O. HORNUNG, a/k/a John O. Green, Defendant-Appellant.**

**No. 86–1252.**

United States Court of Appeals, Tenth Circuit.

March 10, 1986.

Bryce Johnson, Oklahoma City, Okl. (R. Thomas Beadles, Oklahoma City, Okl., was also on brief), for defendant-appellant.

James Robinson, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and SEYMOUR and BALDOCK, Circuit Judges.

PER CURIAM.

Defendant John O. Hornung asks this court to stay his criminal trial pending our disposition of his appeal of the Trial Court's denial of his motion to dismiss his criminal indictment on the ground the Government has violated the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and to grant leave for him to proceed on appeal *in forma pauperis.* Since we conclude the Trial Court's interlocutory order denying the motion to dismiss is not appealable, we deny his motion for a stay and his application to proceed in forma pauperis, and dismiss this appeal.

**I**

Defendant Hornung awaits trial in the United States District Court for the Western District of Oklahoma on two counts of willfully and knowingly aiding and assisting in the preparation of a false income tax return, in violation of I.R.C. § 7206(2), one count of conspiring with another to defraud the United States by concealing taxable income, in violation of 18 U.S.C. § 371, and one count of perjury before a federal grand jury, in violation of 18 U.S.C. § 1623.

Defendant was originally arrested in Austin, Texas, on January 11, 1985, on a warrant issued pursuant to a three count indictment filed in the Southern District of Mississippi. Defendant pled not guilty to these charges in the Southern District of Mississippi on January 24, 1985.

Later, in June 1985, a plea agreement defendant negotiated with the Government, under which the Government filed an information on May 8, 1985 in the Western District of Oklahoma charging the defendant with two counts of aiding and assisting in the preparation of a false and fraudulent individual tax return, fell apart because, the Government claims, the defendant failed to appear in the Southern District of Mississippi to plead to the information. On August 23, 1985, the United States District

court for the Western District of Oklahoma dismissed the information on the Government's motion. The indictment on which defendant presently awaits trial was returned on November 6, 1985, and defendant pled not guilty to these charges on November 13, 1985.

On November 26, 1985, the District Court for the Southern District of Mississippi dismissed for violation of the Speedy Trial Act, the indictments pending against the defendant there. However, the dismissal was without prejudice. *See* 18 U.S.C. § 3162(a)(1). At oral argument before one member of this panel on the stay application, defendant's attorney stated that defendant has appealed this order to the Court of Appeals for the Fifth Circuit, arguing that the Mississippi federal court should have dismissed the indictment with prejudice.

On December 19, 1985, defendant moved to dismiss the Oklahoma indictment on statutory Speedy Trial Act grounds, and for speedy trial violations under the Fifth and Sixth Amendments and Fed.R.Crim.P. 48(b). On February 20, 1986, the district court issued the order in question here, denying defendant's motion. Trial is presently set for March 10, 1986.

In the district court, defendant sought a stay of the trial so he could appeal the district court's order denying his motion to dismiss the indictment on Speedy Trial Act grounds. The district court denied his request for a stay and also his request for permission to proceed on appeal *in forma pauperis,* and defendant seeks this relief here.

## II

Since defendant has not been convicted and sentenced, the district court's order denying his motion for dismissal is interlocutory. *See United States v. Romero,* 642 F.2d 392, 397 (10th Cir.1981) (criminal judgment is not final until imposition of sentence).

We agree with the six circuits which have held that denial of a motion to dismiss an indictment for failure to comply with the Speedy Trial Act is not an appealable collateral order within the meaning of *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[1]

Recognizing this rule, defendant argues that his case is more closely analogous to the cases in which the Supreme Court has held that a collateral order is appealable, *See, e.g., Abney v. United States,* 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977) (double jeopardy); *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985) (qualified official immunity); *Nixon v. Fitzgerald,* 457 U.S. 731, 742–43, 102 S.Ct. 2690, 2697– 98, 73 L.Ed.2d 349 (1982) (absolute official immunity); *Helstoski v. Meanor,* 442 U.S. 500, 506–08, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30 (1979) (Speech and Debate Clause immunity), than to cases involving denial of the typical Speedy Trial Act Claim. Defendant asserts that his case involves issues "subsidiary to the double jeopardy question", App.Br. at 5, because the Mississippi federal court's order granting his Speedy Trial motion there collaterally estops the Government from relitigating the Speedy Trial issue here, and the trial court was therefore bound to dismiss his criminal case here because the charges in the indictment here were "based on the same conduct or arising from the same criminal episode" as the charges in the indictment in Mississippi, App.Br. at 2, and because the Government had knowledge of

1. *See: United States v. Moller-Butcher,* 723 F.2d 189, 191 (1st Cir.1983); *United States v. Crawford Enterprises,* 754 F.2d 1272, 1273 (5th Cir. 1985); *United States v. Bilsky,* 664 F.2d 613, 618–619 (6th Cir.1981); *United States v. Grabinsky,* 674 F.2d 677, 680 (8th Cir. en banc), *cert. denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Mehrmanesh,* 652 F.2d 766, 768–70 (9th Cir.1980); *United States v.*

*Mulherin,* 710 F.2d 731, 743 (11th Cir.), *cert. denied sub nom. Moore v. United States,* 464 U.S. 964, 104 S.Ct. 402, 78 L.Ed.2d 343 (1983), *Hornsby v. United States,* 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 703 (1984). *Accord United States v. MacDonald,* 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1975) (denial of motion to dismiss on constitutional speedy trial grounds fails all three prongs of the *Cohen* test).

the conduct on which the charges in the Oklahoma indictment are based. App.Br. at 3–4.

We find defendant's arguments unpersuasive. Initially, the defendant has not yet prevailed on his appeal to the Fifth Circuit, so that the present order of dismissal without prejudice in Mississippi allows the Government to refile charges in Oklahoma.

More fundamentally, the fact that collateral estoppel may preclude the Government from relitigating the factual issues in this case which were necessary to the Mississippi federal court's decision does not change the nature of the relief the Speedy Trial Act can afford defendant here. Unlike the double jeopardy and governmental immunity protections whose denial the Supreme Court found appealable before final judgment in *Abney, Fitzgerald,* and *Forsyth,* the Speedy Trial Act only protects the defendant against delay, not the trial itself, so that awaiting final judgment to appeal will not cause defendant irreparable harm. *See, e.g., Bilsky, supra; Mehrmanesh, supra.* The possible applicability of collateral estoppel to preclude relitigation of some issues, an issue we do not decide, does not change this because, even if he may assert collateral estoppel, defendant is still subject to judicial power and must still appear in court.

Accordingly, we conclude that the district court's interlocutory order in this case is not appealable. The court has denied the defendant's motion to stay the trial in the district court, denied defendant's motion to proceed in forma pauperis, and dismissed his appeal herein. The court further orders that the mandate issue forthwith.

IT IS SO ORDERED.