**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert E. BRATCHER,**
**Defendant-Appellant.**

No. 86–6189.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 6, 1987.

Decided Nov. 4, 1987.

Certiorari Denied Jan. 19, 1988.

See 108 S.Ct. 760.

Henry Haile (argued) (court-appointed), Nashville, Tenn., for defendant-appellant.

* The Honorable David Dowd, Judge, United States District Court for the Northern District of

Joe B. Brown, U.S. Atty., Nashville, Tenn., William T. Warren, III (argued), for plaintiff-appellee.

Before LIVELY, Chief Judge; KEITH, Circuit Judge; and DOWD, District Judge.*

LIVELY, Chief Judge.

This case involves the appealability of a pretrial order under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Subject to a number of circumstances that produce "excluded time," the Speedy Trial Act requires generally that the trial of a defendant begin within seventy days from the date of indictment and not less than thirty days from the defendant's first appearance to answer criminal charges. 18 U.S.C. § 3161(c)(1), (2). In this case the defendant seeks to appeal a district court order dismissing a superseding indictment without prejudice, contending that it should have been dismissed with prejudice. This is the basis of the appeal.

After briefing the issue of the propriety of a dismissal without prejudice under the circumstances of this case, the government filed a motion to dismiss the appeal on jurisdictional grounds. The basis of this motion is that an order dismissing an indictment without prejudice is not final and appealable within the meaning of 28 U.S.C. § 1291. The motion to dismiss was referred to the panel that heard oral argument on the merits. For the reasons hereinafter set forth, we grant the motion and dismiss the appeal.

**I.**

Robert Bratcher was indicted on July 16, 1986, for two counts of embezzlement and bank fraud. The first count of the indictment was based on five separate incidents where Bratcher authorized the use of bank funds to cover the personal use of rental cars by himself and two other bank employees, and used bank funds to pay for the cost of repairs to his personal vehicle.

Ohio, sitting by designation.

The second count of the indictment alleged that Bratcher had improperly altered bank records to indicate that the bank was indebted to a local service station for the cost of repairs to his car, in the amount of $616.15.

Bratcher made his initial appearance before a United States Magistrate on July 21, 1986, and entered a plea of not guilty. The case was scheduled for trial on September 15, 1986. On September 10 the Assistant United States Attorney telephoned defense counsel, informed him that he had secured a superseding indictment, and asked if a continuance would be needed. Essentially, the superseding indictment described the same overt acts as the original indictment, but separated each overt act into a different count. One charge was redrawn and one charge was dropped. A new charge in the indictment alleged that the defendant had authorized the use of $73.56 in bank funds to pay for the personal use of a rental car by a bank employee.

Later that day, defense counsel secured a copy of the superseding indictment, and informed the prosecutor that he was ready to defend on the old charges, but that he could not be ready to defend on the new charge, and would "stand on whatever rights he had" with respect to the new charge. On the following day, September 11, the government filed a motion for postponement of trial, stating that the defendant—

> does not wish to consent to commencement of trial prior to expiration of the mandatory thirty day period set forth in Title 18, United States Code, Section 3161(c)(2). For this reason, the government respectfully urges the Court to reset the trial of the instant case no sooner than thirty days from the defendant's first appearance through counsel.

A senior district judge continued the government's motion on September 12, 1986, relying on 18 U.S.C. § 3161(c)(2). The case was then reassigned to a different judge who granted the government's motion in an order filed on September 22 and rescheduled the trial for November 3, 1986. The district court stated in its order that

the case was being continued because a superseding indictment containing new charges had been returned.

On October 17, 1986, the defendant moved to dismiss the superseding indictment for violation of the Speedy Trial Act and Crim.R. 48(b). At a hearing on this motion, defense counsel argued that no "automatic thirty-day postponement" was required by 18 U.S.C. § 3161(c)(2). Counsel relied on *United States v. Rojas–Contreras*, 474 U.S. 231, 106 S.Ct. 555, 88 L.Ed. 2d 537 (1985), which holds that a new 30–day trial preparation period does not begin to run from the date on which a superseding indictment is issued, even if new charges are included, and that it is the responsibility of defense counsel to move for an "ends of justice" continuance if more time is required to prepare for trial. Counsel also argued that dismissal under Crim.R. 48(b) was proper, since the government had used the superseding indictment process to contrive a delay in order to postpone a case that it was not prepared to try.

The government attorney stated that he was unaware of the *Rojas–Contreras* decision at the time he moved for a continuance, and argued that a good faith error of law should not be the basis for dismissing the superseding indictment with prejudice. He also stated that the government had not intentionally sought to delay the case by obtaining the superseding indictment.

The district court found no cause for a dismissal under Crim.R. 48(b), since there was no evidence that the government had unnecessarily delayed in bringing the case to trial. However, the court did find that it had been error to continue the trial based on 18 U.S.C. § 3161(c)(2), since the *Rojas–Contreras* decision requires no such continuance. After counsel had argued, the district court found that the offenses charged by the indictment were serious, that the motion for continuance to reset the case had been granted based upon an "honest misapprehension of what the law was, ... [a]n honest mistake on the part of the Government." The court further found that the public's best interest would be

served by permitting reprosecution since the court's docket was current, and that the integrity of the administration of justice also weighed in favor of a dismissal without prejudice. A written order was entered on November 4, 1986, denying the defendant's motion to dismiss on the basis of Crim.R. 48(b), and granting the motion to dismiss on the basis of the Speedy Trial Act, without prejudice.

## II.

The decision of the Supreme Court in *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), controls our decision in this case. In *Parr,* a defendant indicted in one division of the Southern District of Texas succeeded in having his case transferred to a different division of the same district. The government then obtained a superseding indictment in the Western District of Texas, and moved to have the earlier indictment dismissed. The superseding indictment was identical to the first except for its venue statement. The district court granted the government's motion to dismiss the first indictment over the defendant's objection, and he appealed. The Court of Appeals dismissed the appeal on the ground that the order dismissing the indictment is not final and appealable under 28 U.S.C. § 1291.

The Supreme Court examined the appealability issue from two perspectives and reached the same conclusion in each instance. Viewing the original indictment "in isolation" the Court found that the defendant lacked standing to appeal because he was not aggrieved by the dismissal. 351 U.S. at 516, 76 S.Ct. at 915. Rejecting the defendant's argument that he was aggrieved by the fact that the dismissal left him open to further prosecution, Justice Harlan wrote, "the testing of the effect of the dismissal order must abide petitioner's trial, and only then, if convicted, will he have been aggrieved." *Id.* at 517, 76 S.Ct. at 915 (citation omitted).

Turning to a consideration of the two indictments together, as part of a single prosecution, the Court found that the defendant's right to appeal would be no different. The defendant maintained that the order dismissing the indictment in the Southern District was "final" because it terminated the prosecution under that indictment and could not be reviewed except by an immediate appeal. Declining to accept this argument, the Court quoted from *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937): "Final judgment in a criminal case means sentence. The sentence is the judgment." 351 U.S. at 518, 76 S.Ct. at 916. The Court found that the dismissal of the original indictment was "an interlocutory" step in the prosecution whose review must await the conclusion of the entire matter. *Id.* "To hold this order 'final' at this stage of the prosecution would defeat the long-standing statutory policy against piecemeal appeals." *Id.* at 519, 76 S.Ct. at 916.

The Court also rejected Parr's secondary argument that, if not final, the order of dismissal fell within the exception to the finality requirement set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Unlike orders described in *Cohen* and *Swift & Company Packers v. Compania Columbiana del Caribe,* 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), which related to matters "outside the stream of the main action and would not be subject to effective review as part of the final judgment in the action," the order of dismissal was "but a 'step toward final disposition of the merits of the case' and will 'be merged in the final judgment.'" 351 U.S. at 519, 76 S.Ct. at 916, quoting *Cohen* at 546, 69 S.Ct. at 1225. The fact that the defendant would be required to stand trial in the Western District before he could get a review of whether he should have been tried in the Southern District of Texas was "one of the painful obligations of citizenship." 351 U.S. at 519–20, 76 S.Ct. at 916–17, quoting *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940).

Chief Justice Warren was joined by three other Justices in dissent. Nevertheless, *Parr* has never been overruled, or questioned by the Supreme Court. The Fourth

Circuit recently applied *Parr* in holding that an order dismissing an indictment without prejudice is not immediately appealable. *United States v. Lanham,* 631 F.2d 356 (1980) (per curiam).

## III.

■ Although the facts in the present case differ somewhat from those in *Parr,* we can find nothing to distinguish the cases insofar as application of *Parr*'s legal principles is concerned. In his response to the government's motion to dismiss this appeal, Bratcher suggested that exceptions to the "finality" requirements carved out in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), should apply. In *Abney* the Supreme Court held that there may be an immediate appeal from an order denying a defendant's motion to dismiss an indictment on double jeopardy grounds. The Court specifically held in *Abney* that such an order falls within the "collateral order" exception to the final-judgment rule announced in *Cohen.* *Id.* at 659–60, 97 S.Ct. at 2040. In *Parr,* the Court very clearly held that an order *granting* a motion to dismiss an indictment is not within the *Cohen* exception.

Furthermore, in *United States v. Mac-Donald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Supreme Court held that an order denying a motion to dismiss an indictment on speedy trial grounds does not come within the *Cohen* exception. Emphasizing the necessity of avoiding the delay attendant upon piecemeal appellate review in criminal cases, the Court declined to expand the collateral order exception to include an appeal from denial of a speedy trial motion to dismiss. *MacDonald* arose under the speedy trial guarantee of the Sixth Amendment. This court has held that the same result is required when a defendant seeks to appeal the denial of a motion to dismiss under the Speedy Trial Act. *United States v. Bilsky,* 664 F.2d 613, 616–17 (6th Cir.1981); *accord, United States v. Mehrmanesh,* 652 F.2d 766 (9th Cir.1981).

■ The *Cohen* exception permits interlocutory appeals in only two situations in criminal prosecutions: (1) there may be immediate appeals from orders denying motions to dismiss on double jeopardy grounds (*Abney*) and (2) there may be immediate appeals from orders denying motions to reduce bail before trial (*Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). *MacDonald,* 435 U.S. at 854–57, 98 S.Ct. at 1549–51. Neither exception applies here. There is no issue concerning bail reduction, and jeopardy does not attach "until a jury is empaneled and sworn, or in a bench trial, when the judge begins to receive evidence." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977) (citations omitted). That stage has not been reached in Bratcher's case.

The appeal is dismissed. No costs are taxed.

DOWD, District Judge, dissenting.

I respectfully dissent. It is well established that an interlocutory appeal cannot be taken from the denial of a motion to dismiss on the basis of a violation of the Speedy Trial Act. *United States v. Bilsky,* 664 F.2d 613 (6th Cir.1981); *United States v. Hornung,* 785 F.2d 868 (10th Cir.1987). However, I dissent in the belief that a different conclusion should be reached where the district court finds that the defendant's right to a statutory speedy trial has been violated, but contemporaneously holds, pursuant to 18 U.S.C. § 3162(a)(2), that the dismissal of the indictment is without prejudice to a re-indictment of the defendant for the same offenses previously dismissed. The Supreme Court, while repeatedly making reference to its judicial policy against piece-meal appellate review of trial court decisions in criminal cases, has nevertheless in recent years recognized exceptions to the policy in *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) as to issues of bail; *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) as to claims of Double Jeopardy; and *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) as to rights guaranteed by the Speech or Debate Clause.

In a more recent examination of issues surrounding interlocutory appeals in criminal cases, in the case of *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), the Court ruled that a disqualification of a defendant's counsel was not appealable prior to trial. *Flanagan* identified the three types of interlocutory orders found to be immediately appealable in criminal cases and then concluded that none of the decisions supporting such an appeal (*Stack, Abney* and *Helstoski*) provided authority for the claim that a disqualification order satisfies the three necessary conditions for coverage to come within the collateral-order exception as summarized in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

The collateral–order exception rule as summarized by *Coopers & Lybrand v. Livesay* requires that the trial order must at a minimum "[f]irst, . . . 'conclusively determine the disputed question'; second, . . . 'resolve an important issue completely separate from the merits of the action'; [and] third, . . . 'be effectively unreviewable on appeal from a final judgment.'" 465 U.S. at 265, 104 S.Ct. at 1054.

An interlocutory appeal of an order dismissing an indictment because of a violation of the statutory speedy trial rights of the defendant, but without prejudice to the refiling of the indictment, satisfies the first two conditions of the *Coopers & Lybrand* test (*see, United States v. Bilsky*, 664 F.2d 613, 617 (6th Cir.1981)), but not the third. It is apparent that a defendant convicted on the basis of the re-filed indictment would be able to challenge on an appeal of the subsequent conviction the "without prejudice" adjudication in connection with the dismissal of the initial indictment.

In rejecting the defendant's claim in *Flanagan*, Justice O'Connor opined at page 269:

> In short, whether or not petitioners' claim requires a showing of prejudice, a disqualification order does not qualify as an immediately appealable collateral-order in a straight-forward application of the necessary conditions laid down in prior cases. Further, petitioners' claim does not justify expanding the small class of criminal case orders covered by the collateral-order exception to the final judgment rule—either by eliminating any of the *Coopers & Lybrand* conditions or by interpreting them less strictly than the Court's cases have done. The costs of such expansion are great, and the potential rewards are small.

The issue that emerges is whether a dismissal without prejudice where the district court finds a violation of the defendant's statutory right to a speedy trial justifies a less strict application of the *Coopers & Lybrand* conditions.[1] In my view, requiring the defendant to run the gauntlet of a second indictment and trial in the face of a finding by the district court that his right to a statutory speedy trial has been violated does justify a less strict application. To hold otherwise undermines the Speedy Trial Act. Inevitably the government, in its prosecution of criminal cases, will feel less pressured to monitor the defendant's right to a speedy trial.[2]

---

1. *United States v. Caparella*, 716 F.2d 976 (2d Cir.1983) contains an excellent discussion of the statutory history behind the adoption of the Speedy Trial Act of 1974. The Congress debated for a number of years the question of whether the sanction of dismissal for a violation of the time limitations established for speedy prosecutions should be with prejudice to a subsequent prosecution of the same offense. Eventually the Congress reached a compromise which left the issue of whether the dismissal should be with or without prejudice to the district court. *See* 18 U.S.C. § 3162(a)(1) and (2). Of particular interest is the quotation from then Assistant Attorney General William Rehnquist who is quoted as having stated in a Senate hearing considering the Act:

> it may well be, Mr. Chairman, that the whole system of federal criminal justice needs to be shaken by the scruff of its neck, and brought up short with a relatively peremptory instruction to prosecutors, defense counsel, and judges alike that criminal cases must be tried within a particular period of time. That is certainly the import of the mandatory dismissal provisions of your bill.

716 F.2d at 981 (citations omitted).

2. Alternatively, the district court, confronted with the rule that no appeal lies from a decision finding a violation of the defendant's right to a

The Speedy Trial Act was adopted to protect not only the right of the defendant to a speedy trial, but also to protect the public by requiring the judicial system to promptly dispose of criminal cases.

I would hold that the defendant may challenge by way of an interlocutory appeal the decision of the trial court to dismiss without prejudice the initial indictment where the trial court has found that the defendant's right to a statutory speedy trial was violated.

Based on the foregoing analysis, I respectfully dissent.

statutory speedy trial but without prejudice to the refiling of the indictment, may adopt the practice of finding the dismissal to be "with prejudice" to force the appeal rather than proceed to trial with the "without prejudice" issue unresolved at the appellate level. *See, e.g., United States v. Smith,* 588 F.Supp. 1403 (D.C.Hawaii 1984).