852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dana G. KIRK, Defendant-Appellant.
 No. 88-5660.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals from an order denying his motion to dismiss his indictment for tax evasion, mail fraud, and obstruction of justice on grounds of grand jury abuse and prosecutorial misconduct. The defendant now moves to expedite this appeal and for a stay of the district court proceedings pending appeal. The United States opposes these motions and moves to dismiss this appeal for lack of appellate jurisdiction. The defendant has not responded to the motion to dismiss.
 
 
 2
 The defendant was indicted by a grand jury on November 20, 1986 on six counts of tax evasion, two counts of mail fraud, and three counts of obstruction of justice. On December 18, 1986, the defendant filed a motion to dismiss the indictments alleging prosecutorial misconduct, selective prosecution, long-standing grand jury abuse and prosecutorial misconduct in the Western District of Tennessee, and grand jury bias resulting from the alleged presentation of a pre-signed indictment by the United States Attorney. The district court denied the motion to dismiss the indictment on June 10, 1988.
 
 
 3
 On June 17, 1988 the defendant filed a notice of appeal from the June 10 order and moved the district court for a stay of all proceedings pending appellate review. The district court denied the motion for stay on June 24, 1988. The defendant now moves this Court for a stay pending appeal and for an expedited appeal. In response to the defendant's motions, the United States moves to dismiss this appeal for lack of appellate jurisdiction. The defendant has not formally responded to the motion to dismiss; however, he argues the issue of appellate jurisdiction in his motion to stay.
 
 
 4
 Under 28 U.S.C. Sec. 1291, courts of appeals have jurisdiction to review "all final decisions of the district courts." "Final judgment in a criminal case means sentence. The sentence is the judgment." Berman v. United States, 302 U.S. 211, 212 (1937). Under the collateral order doctrine, a pretrial order may be considered "final" and, therefore, appealable if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). To qualify for immediate appeal under the collateral order doctrine, an order: (1) must conclusively determine the disputed question; (2) must resolve an important issue completely separate from the merits of the action; and (3) it must be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). This Court held in United States v. Bratcher, 833 F.2d 69, 72 (6th Cir.1977), cert. denied, 108 S.Ct. 760 (1988), that the Cohen exception limits interlocutory appeals in criminal actions to only two situations: (1) immediate appeal from orders denying motions to dismiss on double jeopardy grounds (Abney v. United States, 431 U.S. 651 (1977)); and (2) immediate appeal from orders denying motions to reduce bail before trial. (Stack v. Boyle, 342 U.S. 1 (1951)). Piecemeal appeals are strongly disfavored. United States v. Hollywood Motor Co., 458 U.S. 263 (1982) (per curiam).
 
 
 5
 The defendant argues that the district court's order is a order subject to appeal pursuant to United States v. Mechanik, 475 U.S. 66 (1986). In Mechanik, the defendant brought a post-conviction action alleging that a Fed.R.Crim.P. 6(e) violation tainted the grand jury proceedings to the extent that the grand jury did not have probable cause to indict. Mechanik held that the defendant's conviction established that there was, in fact, probable cause to indict, and that "any error in the grand jury proceedings connected with the charging decision was harmless beyond a reasonable doubt." 475 U.S. at 942. The defendant argues that under Mechanik, conviction by a petit jury would render harmless any conceivable error in the grand jury proceedings and thereby foreclose the defendant's right to redress. In support of this argument, the defendant cites to the Ninth Circuit's opinion in United States v. Dederich, 825 F.2d 1317 (9th Cir.1987).
 
 
 6
 The government argues in its motion to dismiss that Mechanik does not confer jurisdiction on this Court. Interlocutory appeals in criminal actions are expressly limited to the two limited instances set forth above: appeals from motions to dismiss on grounds of double jeopardy, and appeals from the denial of pretrial bail. United States v. Bratcher, 833 F.2d 69 (6th Cir.1987), cert. denied, 108 S.Ct. 760 (1988). See also United States v. Taylor, 798 F.2d 1337 (10th Cir.1986); United States v. Midland Asphalt Corp, 840 F.2d 1040 (2d Cir.1988); United States v. Daniels, No. 88-1767 (7th Cir. May 31, 1988); United States v. LaRouche Campaign, 829 F.2d 250 (1st Cir.1987).
 
 
 7
 It is ORDERED that the motion to dismiss is granted. The defendant's motion to stay and motion to expedite are denied as moot.