959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Curtis BANKS, Defendant-Appellant.
 No. 91-6272.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before BOYCE F. MARTIN, Jr., Circuit Judge, and LIVELY and BAILEY BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Tony Curtis Banks appeals the district court's dismissal without prejudice of an indictment against him. Following the dismissal of the indictment on Speedy Trial grounds, a grand jury re-indicted Banks on new charges. Banks now appeals the dismissal of the original indictment on both constitutional and statutory grounds.
 
 
 2
 Under Parr v. United States, 351 U.S. 513 (1956), when an indictment is dismissed without prejudice, that dismissal is "an interlocutory step in the prosecution." Id. at 519. "[T]he testing of the effect of the dismissal order must abide petitioner's trial, and only then if convicted, will he have been aggrieved." Id. at 517. The Court in Parr rejected the defendant's argument that the order dismissing the indictment was final because it terminated the prosecution under that indictment. The Court responded that "final judgment in a criminal case means sentence. The sentence is the judgment." Id. at 518 (quoting Berman v. United States, 302 U.S. 211, 212 (1937).
 
 
 3
 We applied the Parr principle in United States v. Bratcher, 833 F.2d 69, 71-72 (6th Cir.1987). In Bratcher, we held that an order dismissing an indictment without prejudice for violation of the Speedy Trial Act is not a final order and therefore is non-appealable. Id. at 71-71. See also United States v. Jones, 887 F.2d 492 (4th Cir.1989); United States v. Kelley, 849 F.2d 1395 (11th Cir.1988); United States v. Reale, 834 F.2d 281 (2d Cir.1987). The strong policy against piecemeal appeals in criminal cases applies whether the Speedy Trial violation is appealed on statutory or constitutional grounds. Bratcher, 833 F.2d at 72.
 
 
 4
 For the foregoing reasons, we find that we are without jurisdiction to entertain Banks' appeal.