98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard JENNINGS, Defendant-Appellant.
 No. 95-3556.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 94-00097; Lesley Brooks Wells, Judge.
 N.D.Ohio
 APPEAL DISMISSED.
 Before: LIVELY, SILER, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Richard Jennings, appeals the dismissal, without prejudice, of an indictment brought against him for failure to bring him to trial within the time period provided under the Speedy Trial Act. For the reasons stated herein, we DISMISS this appeal.
 
 
 2
 In February 1994, undercover officers in Canton, Ohio attempted to buy cocaine from David Morris, who telephoned his "source" for the cocaine, Jennings. Morris was arrested. When Jennings arrived, he was arrested. A pistol and 54.4 grams of cocaine were taken from him.
 
 
 3
 On March 2, 1994, a federal arrest warrant was issued for Jennings. He was arrested pursuant to that warrant on March 10, 1994 and detained after a hearing the next day. On March 30, 1994, a two count indictment against Jennings was returned. At a status hearing on April 26, 1994, a trial date of June 6, 1994 was set.
 
 
 4
 On June 2, 1994 (four days before the trial was to begin), Jennings filed a motion requesting a psychiatric examination. The court granted that motion the next day. Jennings was transported to a facility for that examination on June 30, 1994 and was kept there until August 15, 1994. The report of the examination was mailed to the court on September 2, 1994.
 
 
 5
 A pretrial conference was held on December 5, 1994. After a hearing on December 12, 1994, bond was denied and the trial was set for March 6, 1995. In February 1995, Jennings' counsel was allowed to withdraw. At a status hearing held on February 27, 1995, the attorneys for both parties stipulated to a trial date of April 18, 1995.
 
 
 6
 Prior to the date set for trial, Jennings moved that the indictment be dismissed for violation of the Speedy Trial Act, 18 U.S.C. § 3161(c). The court dismissed the indictment without prejudice on April 20, 1995. Jennings was indicted again, on the same charges, on May 3, 1995. That case has been continued pending the outcome of this appeal.
 
 
 7
 The dismissal of an indictment without prejudice is not final and appealable within the meaning of 28 U.S.C. § 1291. Parr v. United States, 351 U.S. 513, 518 (1956); United States v. Bratcher, 833 F.2d 69 (6th Cir.1987), cert. denied, 484 U.S. 1030 (1988). In Parr, the defendant objected to the dismissal of a first indictment after the issuance of a superseding indictment with a different venue statement. The Court held that because the defendant had not been "aggrieved" by the dismissal, he lacked standing to appeal. 351 U.S. at 516. In Bratcher, this court held that the dismissal of an indictment without prejudice on the basis of the Speedy Trial Act was not final and appealable. 833 F.2d at 72. Because the dismissal of Jennings' indictment is not a final order, the appeal is DISMISSED.