110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Verlin BIVENS, Defendant-Appellant.
 No. 96-5655.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1997.
 
 Before: LIVELY, NELSON and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant filed a notice of appeal from the judgment of the district court dismissing an indictment because of a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The district court dismissed the indictment without prejudice and the defendant argues on appeal that the district court erred by dismissing the indictment without prejudice rather than with prejudice.
 
 
 2
 On July 7, 1993, a federal grand jury indicted the defendant on three counts: (1) for unlawfully possessing marijuana with intent to distribute; (2) for unlawfully manufacturing marijuana; and (3) for being a felon in possession of a firearm. After the defendant filed objections to the magistrate judge's report and recommendation on January 14, 1994, no further steps were taken by any party or by the court until June 7, 1994, when defense counsel advised the court that the case had apparently been "lost" from the court's docket. The defendant then filed a motion to dismiss based on the Speedy Trial Act, 18 U.S.C. § 3161 et seq.
 
 
 3
 The district court denied the motion, and a jury convicted Bivens on the second and third counts following his guilty plea to the first count.
 
 
 4
 On appeal this court found that while the defendant had suffered no constitutional deprivation, his rights under the Speedy Trial Act had been violated. We therefore reversed Bivens's conviction and remanded the case with instructions to dismiss the indictment. We left to the sound discretion of the district court, however, the question of whether to dismiss the indictment with or without prejudice.
 
 
 5
 Following remand, the defendant filed a motion for release from custody and the court held a hearing at which it also considered whether to dismiss the indictment with or without prejudice. On the day following the hearing the court entered the judgment dismissing the indictment without prejudice from which the defendant now attempts to appeal.
 
 
 6
 We must dismiss the appeal because the judgment dismissing the indictment without prejudice was not a final, appealable order under 28 U.S.C. § 1291. United States v. Bratcher, 833 F.2d 69 (6th Cir.1987), cert. denied, 484 U.S. 1030 (1988); United States v. Jennings, No. 95-3556, 1996 WL 580478 (6th Cir. Sept. 3, 1996). In Bratcher we also held that a judgment dismissing an indictment without prejudice does not fall within the narrow category of interlocutory judgments from which an immediate appeal may be taken under the rationale of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949).
 
 
 7
 The defendant argued before this panel that his appeal should be treated differently because he has now been convicted under the superseding indictment that was filed immediately following the district court's dismissal without prejudice of the first indictment. Actually, this fact argues against the defendant's position. The conviction under the superseding indictment is a final judgment and in his appeal from that judgment the defendant can raise the issues he seeks to raise in the present appeal. Thus, the court will have before it in a single appeal all of the issues related to the indictment, the dismissal of the indictment, and the defendant's ultimate conviction under the superseding indictment. This serves the goal of avoiding fragmented appeals and thus contributes to the efficiency of the judicial process.
 
 
 8
 The appeal is DISMISSED.