**UNITED STATES of America**

v.

**Alejandro RIVAS and Domingo Ramirez, Jr.**

**Crim. No. 91–00031–P–C.**

United States District Court, D. Maine.

Jan. 23, 1992.

---

Andrew W. Sparks, Portland, Me., for Domingo Ramirez, Sr.

Jeffrey D. Clements, Portland, Me., for Domingo Ramirez, Jr.

Judy R. Potter, Portland, Me., for Alejandro Rivas.

---

Jonathan A. Toof, Asst. U.S. Atty., Portland, Me., for U.S.

## MEMORANDUM OF DECISION ON MOTIONS TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT, 18 U.S.C. §§ 3161 et seq.

GENE CARTER, Chief Judge.

The Court dismissed, by endorsement on December 26, 1991, the indictments in the above-entitled matter against Defendants Rivas and Ramirez on timely filed motions (*see* 18 U.S.C. § 3162(a)(2)) of Defendants (Docket Nos. 27 and 29) for failure to bring Defendants to trial within the period specified by the Speedy Trial Act, 18 U.S.C. § 3161. The Court indicated in the endorsement that it would file a Memorandum of Decision in due course.

It is undisputed that Defendants have not been brought to trial within the seventy-day period required by the application of section 3161(c) and (h) of the Act. The Government so concedes and admits that the indictment must be dismissed pursuant to the Act, reserving only the question of whether the dismissal should be with or without prejudice to reindictment of Defendants. *See* 18 U.S.C. § 3162(a)(2). The Government contends that the dismissal should be without prejudice to reindictment. Defendants vigorously resist such a result.

The factors that the Court is to consider in resolving the issue are set out in section 3162(a)(2) of the Act. Here, the offense is obviously one of very substantial seriousness. However, the factual circumstances that compel dismissal cut most strongly against the reprosecution of these Defendants. There is no indication on the record that Defendants or their counsel were in any way less than diligent in the exercise of their proper roles in defending against the charges. The case was one that simply slipped through the cracks of the Court's scheduling system: first, because the prosecutor's office apparently lost track of the case through inattention and failed to ask the Court to bring the case forward for trial on an expeditious basis in conformity with the requirements of the Act. The Court has historically relied upon the Government to keep track of the Speedy Trial Act status of its own cases and to at least bring impending cases under the Act to the attention of the Court in a timely manner. Once such a request has been made, the Court schedules the subject case for trial on an expedited basis.[1] Second, because no attention was brought to the case by the prosecutor, it slipped through the system of administrative scheduling of such cases maintained by the personnel of the Clerk's Office. Neither of these failures is in any way attributable to Defendants or their counsel. Defense counsel have no duty under the statute other than to timely move for dismissal before trial or entry of a guilty plea. They are under no obligation to precipitate action in a case endangered under the Act, contrary to Defendants' own substantial interests. They may properly "lie in the weeds" in wait for the slumbering prosecutor.

Finally, in a case where the entire responsibility for the violation of the Act's requirements rests with the Prosecution and the administrative arm of the court, the allowance of reprosecution of defendants for the charged offenses would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as were these defendants. The bottom line of this calculus is that these Defendants were not brought to trial within the seventy-day period prescribed by the Act and that in consequence thereof, they have been incar-

---

1. This case may properly prompt the Court's reexamination of the efficacy of its reliance on the Government's attention to the Speedy Trial Act status of its cases. It should be clearly understood by the Government, however, that such reliance of the Court will continue to be *de rigueur* until any change in systemic management of such cases is formally announced. It is unlikely that the Court will take on the burden of tracking the Government's cases for it. The United States Attorney's Office will continue, insofar as the Court is concerned, to bear the principal burden of initiating the Court's attention to criminal cases because they are endangered under the Speedy Trial Act.

cerated in excess of seven months without receiving a timely trial. If reprosecuted, they would be required, in all likelihood, to remain incarcerated for an additional further period of time until trial and, potentially, until sentencing and resolution of any appeal were accomplished. This is the paradigm case of what the Speedy Trial Act was enacted to eliminate: a defendant's denial of speedy trial, to his substantial prejudice, through the deficiencies of the criminal justice system and through no fault of his own. Reprosecution in this case would send exactly the wrong signal to those responsible for complying with the Acts requirements and would, in all likelihood, foster in future a cavalier regard, if not a concerted disregard, of those requirements. Justice, as visualized under the Act, will be poorly served by such a precedent.

The Court FINDS, on consideration of all the circumstances of the case, that the interests of justice require that the indictments be dismissed with prejudice.

SO ORDERED.