**UNITED STATES of America, Appellant,**

v.

**Domingo RAMIREZ, Jr., et al., Defendants, Appellees.**

**No. 92–1109.**

United States Court of Appeals, First Circuit.

Heard June 3, 1992.

Decided Aug. 21, 1992.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and Margaret D. McGaughey, Asst. U.S. Atty., were on brief, for appellant.

Judy Potter, for defendant, appellee Alejandro Rivas.

Jeffrey D. Clements, with whom Jensen Baird Gardner & Henry was on brief, for defendant, appellee Domingo Ramirez, Jr.

Before SELYA, Circuit Judge, LAY,* Senior Circuit Judge, and PIERAS,** District Judge.

PIERAS, District Judge.

This is an appeal from the District Court of Maine's dismissal with prejudice of an indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161. 782 F.Supp. 686 The Speedy Trial Act ("STA") was.violated when a number of pretrial motions were not ruled upon within the thirty day time period for evaluation, and the defendants were held for trial beyond the seventy day limitation. At issue is whether the district court abused its discretion by dismissing the indictment with prejudice rather than dismissing it without prejudice. A review of the record reveals that the district court did not abuse its discretion, and therefore we affirm the district court's dismissal with prejudice.

## I. THE FACTS

On June 12, 1991, defendants Domingo Ramirez, Jr. and Alejandro Rivas were charged in a two count indictment with possession of over 500 grams of cocaine with the intent to distribute, and conspiracy to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and § 846. The defendants were arraigned on June 21, 1991. Both defendants filed a number of pretrial motions. Defendant Rivas filed his motions on July 5, 1991, and Ramirez filed his motions on July 8, 1991. The motions were kept under advisement for eighty one days and were not ruled upon by the district court until October 22, 1991, in violation of the STA. The STA safeguards an accused's Sixth Amendment "right to a speedy and public trial," [1] by mandating that:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within *seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Absent extenuating circumstances, not present here, the STA provides for only a thirty day advisement period by the court, when ruling upon pretrial motions. 18 U.S.C. § 3161(h)(1)(J). Thus, the STA was violated by the long period of time with which the district court took the motions under advisement.[2]

---

* Of the Eighth Circuit, sitting by designation.
** Of the District of Puerto Rico, sitting by designation.

1. U.S. Const. amend. VI.

2. The parties dispute the exact number of days by which the permissible period was exceeded, but the dispute is immaterial to the present appeal because both parties concede that the defendants were detained beyond the STA 70 day limitation. *United States v. Taylor,* 487 U.S. 326, 332 n. 6, 108 S.Ct. 2413, 2417 n. 6, 101 L.Ed.2d 297 (1988) (where decision does not turn on distinction between a violation of "x" as opposed to "y" number of days, appellate court need not decide whether district court's numerical count of excludable days was erroneous).

Furthermore, we conclude in the circumstances of this case, that a delay of 31 days is just as serious as a .delay of 46 days. *United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir. 1984) (delays of several months sufficient to bar reprosecution even though crime serious), *cited with approval in United States v. Hastings,* 847 F.2d 920, 929 (1st Cir.), *cert. denied,* 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988); *but*

When the district court granted the defendants' Motion to Dismiss the Indictment based upon the STA violation, the Memorandum of Decision placed the onus of the violation upon the prosecutor and secondarily upon the administrative arm of the court. Yet it is understood that the ultimate responsibility for ruling upon pretrial motions in a timely manner, rests with the court.[3] *United States v. McAfee*, 780 F.2d 143, 146 (1st Cir.1985) (primary responsibility for meeting the Act's requirements rests on the court despite its administrative confusion). The prosecution agrees that the STA was violated but argues that it was erroneous for the district court to dismiss the case with prejudice, when the defendants had been charged with a serious drug conspiracy and the violation was due to an isolated administrative oversight within the court.

## II. ANALYSIS

■■■ When considering whether an indictment should be dismissed with or without prejudice, a district court must consider the following factors set forth in section 3162(a)(2) of the Act: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of a reprosecution upon the administration of the Act and upon the administration of justice. Factual findings of a district court are entitled to substantial deference, and will only be reversed for clear error. *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Yet, because the district court was required to apply the statutory criteria of section 3162(a)(2) to the facts, we must undertake a more substantive scrutiny to ensure that the judgment is supported in terms of the factors delineated in the statute. *United States v. Taylor*, 487 U.S. 326, 337, 108 S.Ct. 2413, 2419, 101 L.Ed.2d 297 (1988). "[W]hen the statutory factors are properly considered, and supporting factual findings are not clearly in error, the district court's judgment of how opposing considerations balance should not lightly be disturbed." *Id.*

In the instant case, the defendants were indicted with the possession of 500 grams of cocaine with the intent to distribute it, which the district court found to be of "very substantial seriousness." District Court Memorandum of Decision at 3. Thus, the government's criticism that the District Court did not give sufficient consideration to the seriousness of the offense is without merit. Indeed, we have previously stated that "[b]y their very nature, drugs-for-profit offenses are extremely serious." *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir.1988), *cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1990). It is apparent to us that the district court gave due weight to our admonition.

The facts and circumstances which led to the dismissal are also of a serious nature because of the pervasiveness of such a risk of administrative oversight in all courts. Nothing ⁀ unusual occurred in this case. The district court merely lost track of the STA deadline, in the midst of attending to its many other cases.[4] It is the ordinariness of the oversight which makes the circumstances so serious. It can happen in any court, at any time. The expansiveness of such a STA violation risk makes it important for a court to correct for the sake of deterrence and more painstaking vigi-

---

*cf. United States v. Brown*, 770 F.2d 241, 244 (1st Cir.1985) (delay of 35 days not exorbitant when due to failure to anticipate a ruling by court of appeals on legal issue not previously free from doubt as opposed to administrative neglect), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 816, 88 L.Ed.2d 789 (1986).

3. In order to place the onus upon the prosecutor for notification of an impending STA violation, the district court must rely upon a written local rule, or other order of the court. *United States v. Miranda*, 835 F.2d 830, 833–34 (11th Cir. 1988).

4. The prosecution inaccurately contends that the district court erroneously weighed this second factor because the district court mistakenly thought that the defendants were incarcerated seven months beyond the STA deadline. In actuality, the district court merely noted that defendants had been incarcerated *in excess* of seven months while waiting for timely trial, not that they had waited seven months in excess of the STA deadline. *See* District Court Memorandum of Decision at 3.

lance.[5] Even though the oversight was accomplished without malice, that does not ameliorate the gravity of its effects. When a STA violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice. *Hastings*, 847 F.2d at 925. An administrative oversight is no excuse for a STA violation. *United States v. Caparella*, 716 F.2d 976, 980 (2d Cir.1983).

Upon consideration of the third and final factor of the "dismissal with prejudice" analysis, the district court appropriately found that the impact of reprosecution of the defendants would be severe in this case. "Reprosecution in this case would send exactly the wrong signal to those responsible for complying with the Acts [sic] requirements and would, in all likelihood, foster in [the] future a cavalier regard, if not a concerted disregard, of those requirements. Justice, as visualized under the Act, will be poorly served by such a precedent." District Court Memorandum of Decision at 4. Such an observation by the district court was very astute given the fact that dismissal with prejudice "is more likely [than dismissal without prejudice] to induce salutary changes in procedures reducing pretrial delays." *United States v. Taylor*, 487 U.S. 326, 342, 108 S.Ct. 2413, 2422, 101 L.Ed.2d 297 (1988). Even though a prosecutor does not bear the burden of monitoring the court's compliance with the STA in absence of an announced rule, district courts do look to prosecutors for assistance as officers of the court. Consequently, it is wise for prosecutors to be alert to STA calculations in order to aid the court in its enforcement of the STA. Logically, it was permissible for the "sovereign" as a whole (both court and prosecutor) to be issued a cautionary reminder in the form of a dismissal with prejudice, as to the importance of the STA. *Hastings*, 847 F.2d at 925. "We recognize that whenever government—for whatever reasons—falls short of meeting the Act's requirements, the administration of justice is ad-

versely affected." *Hastings*, 847 F.2d at 926 (legislative history of the Act demonstrates its importance in advancing both the public and private interests in fair and expeditious trial of criminal cases).

Given the above review of the district court's application of the STA dismissal with prejudice analysis, we cannot conclude that the district court abused its discretion in dismissing the indictment with prejudice, because the district court considered each statutory factor and did not, for all that appears, make a serious error of judgment in weighing them. *See id.* at 924 (describing test for abuse of discretion). Therefore, the district court's decision is hereby *affirmed.*

---

5. *See* Martha L. Wood, Note, *Determination of Dismissal Sanctions Under the Speedy Trial Act of 1974,* 56 Fordham L. Review 509, 532 (1987) (negligent violations are not necessarily inciden-

tal or unusual but often are chronic and result of deeply ingrained dilatory practices of both court and prosecutor).