**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**Ariel NUNEZ–JAVIER, Defendant.**

**No. Civ. 00–116(PG).**

United States District Court,
D. Puerto Rico.

March 1, 2001.

Antonio R. Bazan–Gonzalez, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

Joseph C. Laws, Yasmin A. Irizarry, Federal Public Defender Office, San Juan, PR, for defendant.

### OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Defendant Ariel Nuñez–Javier filed a Motion to Dismiss Indictment Pursuant to Speedy Trial Act (Dkt.22). The United States filed its Reply to Motion to Dismiss Based on Speedy Trial Violations (Dkt.23).

### FACTS

On May 10, 2000, the Grand Jury returned a two count indictment charging Ariel Nunez–Javier with "knowingly, intentionally and unlawfully import[ing] into the United States, from a place outside thereof but within the United States, that is Saint Thomas, United States Virgin Islands, approximately five thousand six hundred (5,600) grams (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance," in violation of 21 U.S.C. § 841(a)(1), 952(a) and 18 U.S.C. § 2.

Defendant appeared before a United States Magistrate Judge on May 17, 2000 for arraignment of the charges. On May 24, 2000, Defendant filed a motion requesting Brady material. The United States answered the Brady request motion on May 24, 2000, as well, tolling the Speedy Trial clock for thirty (30) days. [6 Speedy Trial days from May 18 to May 23].

On June 30, 2000, Defendant requested specific discovery. The United States responded to Defendant's motion for specific discovery on July 5, 2000, tolling the Speedy Trial clock for thirty (30) days. [6 Speedy Trial days from June 24 to June 29; 12 Total].

On August 4, 2000, Defendant filed a motion to dismiss the indictment, to which the United States responded August 8, 2000. The Speedy Trail clock was tolled until October 23, 2000, when the Court mooted Defendant's motion for specific discovery and denied Defendant's motion to dismiss.

On February 6, 2001, the United States filed a motion for the setting of trial. One week later, on February 13, 2001, Defendant filed the motion presently at issue, to which the United States responded to on February 22, 2001. [102 Speedy Trial days from October 24 to February 5; 114 Total].

### DISCUSSION

■ The Speedy Trial Act "commands that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate." *Henderson v. United States,* 476 U.S. 321, 322, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). *See also* 18 U.S.C. § 3161(c)(1). Failure to adhere to this time limit casts a severe sanction-dismissal of the indictment. *See* 18 U.S.C. § 3162(a)(2). *See also United States v. Barnes,* 159 F.3d 4, 9 (1st Cir. 1998). Certain "periods of delay shall be excluded in computing the time within which ... the trial ... must commence."

18 U.S.C. § 3161(h).[1]

 The Speedy Trial Act does not permit unlimited delays, "and the trial court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." *United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1197 (2d Cir. 1989). " '[T]he right to a speedy trial belongs not only to the defendant, but to society as well.' ... Accordingly, regardless of the willingness of counsel to accept pretrial delay, the Speedy Trial Act assigns district courts an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice. [*United States v. Hall*, 181 F.3d 1057, 1061–62 (9th Cir.1999) ] (citation omitted)." *United States v. Messer*, 197 F.3d 330, 337 (9th Cir.1999). Therefore, "it is understood that the ultimate responsibility for ruling upon pretrial motions in a timely manner, rests with the court. *United States v. McAfee*, 780 F.2d 143, 146 (1st Cir.1985) (primary responsibility for meeting the Act's requirements rests on the court despite its administrative confusion)." *United States v. Ramirez*, 973 F.2d 36, 38 (1st Cir.1992).

 In the present case, at least 114 days have passed, well over the 70 day limit. The Court has no choice but to dismiss the case. The only remaining question is whether to do so with or without prejudice:

> The linchpin of the Speedy Trial Act is a provision requiring that an accused be brought to trial within seventy days after indictment, information, or first appearance before the court. 18 U.S.C. § 3161(c)(1). If trial does not commence within the speedy trial period, as enlarged by certain excludable intervals, see 18 U.S.C. § 3161(h), and the defendant so moves, the court must order dismissal. 18 U.S.C. § 3162(a)(2). Nevertheless, the judge has discretion to decide whether reprosecution will be barred. *United States v. Brown*, 770 F.2d 241, 242–43 (1st Cir.1985), cert. denied, 474 U.S. 1064, 106 S.Ct. 816, 88 L.Ed.2d 789 ... (1986). In considering the question, he must start from a level playing field; there is no presumption either way. *Id.* at 243–44.

*United States v. Hastings*, 847 F.2d 920, 924 (1st Cir.1988).

"The Act identifies three elements that must be considered 'among others' in deciding whether to dismiss with or without prejudice: the gravity of the charged crimes; the circumstances leading TO dismissal; and the impact of reprosecution vel non on the administration of justice and of the Act. *See* 18 U.S.C. § 3162(a)(2)." *Id.* "The approach, ultimately, is discretionary, permitting the trial judge to examine a variety of serviceable fabrics and measurements, and custom-tailor an order of dismissal to suit the exigencies and equities of a particular case." *Id.*

 In the present case, Defendant is alleged to have violated a serious crime—the importation of 5,600 grams of cocaine. Given the seriousness of the case, the United States likely would, and have indeed indicated, that the case would be immediately re-filed. The circumstances leading to dismissal in this case also favor

---

**1.** Though Defendant asserts 162 non-excludable Speedy Trial days, the Court computed 114. The difference between the two number stems from Defendant's assumption that the motion to dismiss stayed the clock for only thirty days following the United States' response. This is not so. The clock is stayed until "the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). *See also United States v. Martinez–Mercado*, 888 F.2d 1484 (5th Cir.1989).

dismissal without prejudice. Defendant has suffered minimal prejudice by the delay. Defendant also failed to promote the case to trial, or in any way inform the Court of this delay. While he was under no obligation to do so, he "should not be doubly rewarded [with a dismissal with prejudice] for sitting silently as the delay mounted." *Barnes*, 159 F.3d at 17. Defendant is currently being detained in connection with this case, and also with another criminal case, 00–730(CCC).

## CONCLUSION

Wherefore, the Court **GRANTS** Defendant's Motion to Dismiss the Indictment for violations of Speedy Trial Act. The case shall be **DISMISSED WITHOUT PREJUDICE**. "[T]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *Barnes*, 159 F.3d at 16 (quoting *Hastings*, 847 F.2d at 925).

**IT IS SO ORDERED.**