UNITED STATES of America

v.

Isa COLEMAN, aka "C," Defendant.

No. 00–M–232 (DRH).

United States District Court, N.D. New York.

Nov. 2, 2001.

---

Joseph A. Pavone, United States Attorney for the Northern District of New York, Albany, NY, Carlos A. Moreno, Esq., Assistant United States Attorney.

Alex Bunin, Federal Defender for the Northern District of New York, Attorney for Defendant, Albany, NY, Gene V. Primomo, Esq., Assistant Federal Defender, of Counsel.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Presently pending is the motion of defendant Isa Coleman ("Coleman") to dismiss the complaint herein with prejudice on the ground that the United States failed to file an indictment within thirty days of his arrest as required by 18 U.S.C. §§ 3161(b) and 3162(a)(1). Docket No. 24. The United States agrees that the complaint should be dismissed but contends that the dismissal should be without prejudice. Docket No. 25. For the reasons which follow, Coleman's motion to dismiss the complaint with prejudice is granted.

### I. Background

On June 16, 2000, a warrant was issued for the arrest of Coleman upon a complaint alleging that Coleman possessed crack cocaine with the intent to distribute in violation of 21 U.;S.C. § 841(a)(1). Docket No. 1; Def. Mem. of Law (Docket No. 24) at Ex. A. Coleman was arrested on July 14, 2000 and the United States moved for his detention pending trial on the same date at Coleman's initial appearance. Docket Entries dated 7/14/00. Following a hearing on July 19, 2000, the motion of the United States for Coleman's detention was granted. Docket Entry dated 7/19/00. Coleman was admitted to a drug treatment program while detained. Docket No. 6. On September 28, 2000, upon completion of the program, Coleman was released from custody on certain conditions. Docket No. 10. Coleman thus remained in custody for a period of seventy-five days during this period.

For the next year, Coleman remained free under certain conditions and the com-

plaint remained pending. During that period, the United States and Coleman intermittently discussed the possibility of Coleman pleading guilty and cooperating with the United States. For example, Coleman was scheduled to be interviewed by law enforcement agents on September 28, 2000, but for reasons not set forth in the record, that interview did not take place. U.S. Mem. of Law (Docket No. 25) at 3. The United States also sent Coleman a proposed plea agreement. *Id.* at Ex. 1. Coleman and the United States never reached agreement on a disposition of the charge in the complaint, but the parties did enter into three stipulations excluding time from the thirty day period within which an indictment was required to be filed. Docket Nos. 5, 14, 15.

On August 20, 2001, a warrant was issued for Coleman's arrest alleging that he had violated various conditions of his release. Docket No. 17. Coleman was arrested on that warrant on September 4, 2001 in the Eastern District of New York. Docket Nos. 17, 18. He was removed to this district and appeared in court on September 20, 2001. Docket No. 19 & Docket Entries dated 9/20/01. Coleman was released on the conditions previously established. *Id.* This motion followed.

## II. Discussion

### A. Dismissal

Section 3161(b) provides that "[a]ny information or indictment ... shall be filed within thirty days from the date on which such individual was arrested ... in connection with such charges...." Section 3161(h) excludes certain periods from the calculation of this thirty day period. Here, Coleman was arrested on July 14, 2000, which commenced the thirty day period

under section 3161(b). However, the United States moved for his detention on the same date and that motion was not decided until July 19.2000. This period is excluded under section 3161(h)(1)(F). The parties stipulated to exclude the period from July 20 through August 19, 2000 pursuant to section 3161(h)(8). Docket No. 5. Thus, the thirty day period commenced running on August 20, 2000 and continued running without interruption until January 16, 2001, a period of 148 days. The parties further stipulated to exclude the period from January 17 through March 18, 2001 pursuant to section 3161(h)(8). Docket Nos. 14, 15. The time recommenced to run on March 19, 2001 and continued through August 19, 2001, an additional period of 153 days. On August 20, 2001, the United States moved to revoke Coleman's conditions of release, thereby tolling all time pursuant to section 3161(h)(1)(F) until that motion was withdrawn on October 4, 2001.. Docket No. 22. An additional six days elapsed between October 5 and October 11, 2001 when Coleman filed the instant motion and again tolled the time under section 3161(h)(1)(F). Docket No. 24.

Thus, a total of 307 days have elapsed under section 3161(b) since Coleman was arrested without the filing of an indictment.[1] Coleman moves to dismiss the complaint because an indictment was not filed within thirty days of his arrest. The United States does not oppose this part of Coleman's motion and the record demonstrates that no indictment was filed as required by section 3161(b). *See United States v. Oliver*, 238 F.3d 471, 472 (3d Cir.2001). Accordingly, Coleman's motion to dismiss the complaint is granted.

---

**1.** Coleman calculates the nonexcludable period as 205 days. Def. Mem. of Law at 2. It is unclear, however, how Coleman arrived at this figure. The United States has offered no calculation.

## B.  With or Without Prejudice

■ Coleman contends that the dismissal of the complaint should be with prejudice. The United States argues that it should be without prejudice. The determination of this issue is governed by 18 U.S.C. § 3162(a)(1), which states in pertinent part:

In determining whether to dismiss the case with or without prejudice, the court should consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

See also United States v. Hernandez, 863 F.2d 239, 243 (2d Cir.1988). The statute establishes no preference between a dismissal with prejudice and a dismissal without prejudice. See United States v. Taylor, 487 U.S. 326, 334, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); United States v. Giambrone, 920 F.2d 176, 180 (2d Cir.1990).

### 1.  Seriousness of the Offense

The complaint charges Coleman with the possession of an unspecified quantity of crack cocaine with intent to distribute. The offense alleged here, therefore, is serious. See, e.g., United States v. Kottmyer, 961 F.2d 569, 571 (6th Cir.1992) (conspiracy to distribute two kilograms of cocaine a serious offense); United States v. Ramirez, 973 F.2d 36, 38–39 (1st Cir.1992) (possession of over 500 grams of cocaine with intent to distribute a serious offense). However, its seriousness is limited by the fact that the complaint alleges a single possession of what appears to be a personal use quantity of crack cocaine with intent to distribute. See United States v. Angelini, 553 F.Supp. 367, 370 (D.Mass.1982) (dismissal with prejudice where charge predicated on relatively small amount of narcotics). Nevertheless, the seriousness of the offense here weighs in favor of dismissal without prejudice.

### 2.  Circumstances Leading to Dismissal

■ The relevant circumstances which a court should consider include whether the failure of the United States was inadvertent or intentional, see United States v. Ramirez, 973 F.2d at 38–39 (upholding dismissal without prejudice where delay resulted from administrative oversight); United States v. Simmons, 786 F.2d 479, 485 (2d Cir.1986) (upholding dismissal without prejudice where record revealed no intentional delay); the extent to which the defendant was responsible for any delay, see United States v. Miranda, 835 F.2d 830, 832–33 (11th Cir.1988) (upholding dismissal without prejudice where both United States and defendant failed to notify court of developments in case); and whether the defendant acted promptly to enforce his or her rights. See United States v. Barnes, 159 F.3d 4, 16–17 (1st Cir.1998).

Coleman agrees that the United States has not acted in bad faith here. Def, Mem. of Law at 5 ("The government's failure to timely file the information or indictment in this case did not spring from any evil motive."). However, viewing the record in the light most favorable to the United States, the failure of the United States to file an indictment for the fourteen month period prior to September 20, 2001 was more than merely negligent. Moreover, as of September 20, 2001, the United States was expressly on notice that the charge against Coleman was subject to dismissal in the absence of an indictment and proceedings were delayed for two weeks to permit the parties to take further actions. The United States still failed to

file an indictment.[2] After September 20, 2001, then, the failure of the United States to comply with section 3161(b) was intentional.

As to Coleman's conduct, the delay through March 18, 2001 appears to have occurred without objection by Coleman. While 148 days had elapsed as of January 17, 2001 and the complaint was thus subject to dismissal at that point under section 3161(b), Coleman entered into two further stipulations excluding an additional sixty days under section 3161(h)(8). Since those stipulated exclusions ended on March 18, 2001, however, Coleman has not sought or stipulated to any further exclusions and the resulting additional 159 nonexcludable days of delay are attributable solely to the United States.

The United States contends that it was actively engaged in plea negotiations with Coleman throughout the pendency of the complaint. U.S. Mem. of Law at 3–6. However, the United States stated at the hearing on September 20, 2001 that it had delayed dealing with the charge against Coleman for "pragmatic" reasons, not because of active plea negotiations.[3] Moreover, unilateral efforts by the United States to negotiate a plea bargain cannot explain a delay of this duration. It appears here that the United States made plea offers to Coleman on at least two occasions. *See* U.S. Mem. of Law at 4 (plea offer on September 20, 2001) & Ex. 1 (written plea offer dated September 28, 2000). It does not appear that Coleman ever verbally accepted any offer, pursued further discussions or made any counteroffer. In these circumstances, then, plea offers by the United States afford no explanation for the delay.

Coleman took no steps to enforce his rights until this motion was filed. Nevertheless, given the first negligent and then intentional conduct of the United States in failing to file an indictment and the fact that the United States was solely responsible for the last five months of the delay in this action, this factor weighs in favor of dismissal with prejudice.

### 3. Impact of Reprosecution

The final factor to be considered is the impact of reprosecution on the administration of the Speedy Trial Act and on the administration of justice.

a. Impact on the Administration of the Speedy Trial Act

■ This factor requires a court to consider the duration of the delay in question, *see United States v. Stayton,* 791 F.2d 17, 21 (2d Cir.1986) (dismissal with prejudice

---

**2.** Counsel for the United States stated as follows at the hearing on September 20, 2001:

> THE COURT: Do you intend to indict?
> MR. MORENO: ... [I]f Mr. Coleman does not want to resolve the matter, then immediately he would be indicted, and that has been communicated to Mr. Primomo. That's where the case stands. The case is either going to be resolved, Your Honor, or it's going to be indicted.

Audio Recording of Hearing on Sept. 20, 2001 at 2:29:10–45.

**3.** At the hearing on September 20, 2001, counsel for the United States stated as follows:

> With regard to the pendency of the case and how long the case has taken, there have been a number of other co-defendants in this matter, Your Honor. It was a matter of choice with regard to the defendants that are incarcerated first and dealing with Mr. Coleman towards the end. I'm down to just two defendants, Your Honor. Mr. Coleman is one of them. He is not incarcerated. I did not think it would be ... I did not think it would be pragmatic to leave a defendant who is incarcerated waiting for me to resolve the case against defendants who are out.

Audio Recording of Hearing on Sept. 20, 2001 at 2:28:04–37.

in light of enormity of delay of twenty-three months); *United States v. Cortinas,* 785 F.Supp. 357, 359 (E.D.N.Y.1992) (dismissal without prejudice in light of minimal delay of seven days); and any attitude or pattern of laxity by the United States in complying with the Act. *See United States v. Wilson,* 11 F.3d 346, 352 (2d Cir.1993); *United States v. Kottmyer,* 961 F.2d at 572 (dismissal without prejudice where there existed no pattern of intentional delay by United States); *United States v. Giambrone,* 920 F.2d at 181 (dismissal with prejudice in light of government's "extremely lax" attitude in case toward requirements of the Act).

Here, the delay in filing an indictment has extended for over fourteen months since Coleman's arrest and for 307 days of nonexcludable time under the Act, a period which is extensive by any standard. Moreover, the United States has demonstrated an "extremely lax" attitude toward the requirements of the Act in this case. It has contended that it was justified in delaying the filing of an indictment here by the need to resolve the cases against co-defendants.[4] If permitted, such an approach would permit the United States to ignore the requirements of the Act in virtually every narcotics case and would seriously undermine the Act's requirements. *See United States v. Giambrone,* 920 F.2d at 180 ("if the government suffers only dismissal without prejudice . . ., it in effect gains successive" periods in which to prosecute). Moreover, when afforded additional time to act in this case on September 20, 2001 and after explicitly stating its intention to do so, the United States still failed to file an indictment. Finally, the United States sought to revoke the conditions of Coleman's release even while failing to comply with the Act.

It thus appears that in the circumstances of this case, reprosecution would seriously undermine the administration of the Act, which weighs in favor of dismissal with prejudice.

**b. Impact on the Administration of Justice**

■ This factor requires a court to consider any prejudice to the defendant from the delay. *See United States v. Taylor,* 487 U.S. at 340, 108 S.Ct. 2413; *United States v. Hernandez,* 863 F.2d at 244 (dismissal without prejudice where defendant demonstrated no prejudice from delay). Moreover, a court should consider whether administration of the criminal justice system will be affected

> since delay risks the loss of important evidence, and repetitive prosecutions on the same charges cause wasteful replication of effort. Such delays also harm both the interest of the defendant and the interest of the public, for if the defendant is innocent, he has an interest in early vindication; and if he is guilty, the public has an interest in expeditious punishment for a variety of reasons, including the fact that the closer in time the punishment is to the crime, the greater its rehabilitative effect.

*United States v. Giambrone,* 920 F.2d at 181.

Here, Coleman has demonstrated no tactical disadvantage resulting from the delay. For example, he has suggested no evidence which has become unavailable to him as a result of the delay. Coleman asserts, however, that he has been prejudiced by the fact that he has remained under conditions of release while the charge has remained pending. For example, he has been required to continue re-

---

4. There are no co-defendants named in the pending complaint. The record does not indi-

cate to what other defendants the United States refers.

porting to the Probation Office and undergo drug testing. He has been restricted in his travel. Coleman was also incarcerated for sixteen days from September 4 to 20, 2001 in connection with the motion of the United States to revoke the conditions of his release. Pretrial incarceration and restrictions such as those imposed on Coleman constitute forms of prejudice for purposes of this factor. *See United States v. Taylor*, 487 U.S. at 340, 108 S.Ct. 2413 ("The longer the delay, the greater the presumptive or actual prejudice to the defendant in terms of ... the restrictions on his liberty," for "whether he is free on bail or not, ... [the delay] may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.") (internal quotation marks omitted); *United States v. Giambrone*, 920 F.2d at 180–81. Here, given the duration of the delay and its effect on Coleman, this factor as well weighs in favor of dismissal with prejudice.

### 4. Weighing the Factors

The seriousness of the offense charged in the complaint, even though limited by the quantity of drugs allegedly involved, and Coleman's failure to assert his rights earlier weigh in favor of dismissal of the complaint without prejudice. However, those factors are substantially outweighed here by the duration of the delay in returning an indictment, the fact that the United States was primarily responsible for that delay, the cavalier attitude of the United States toward compliance with the Act in this case, and the importance here of insuring the proper administration of the Act. Therefore, dismissal of the complaint must be with prejudice.

### III. Conclusion

For the reasons set forth above, it is hereby

**ORDERED** that Coleman's motion to dismiss the complaint with prejudice (Docket No. 24) is **GRANTED**, and the complaint is hereby dismissed with prejudice.

**IT IS SO ORDERED.**